UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
U.S. MAGISTRATE JUDGE
EL PASO DIVISION

UNITED STATES OF AMERICA )No. EP:12-CR-00318-PRM-1
vs. )El Paso, Texas
JESUS CHAVEZ )
)May 23, 2012

PLEA HEARING

Before the Honorable Norbert J. Garney

A P P E A R A N C E S:

FOR THE GOVERNMENT:

MR. STEPHEN GARCIA
Assistant United States Attorney
700 E. San Antonio, Suite 200
El Paso, Texas 79901

FOR DEFENDANT:

MR. GARY J. HILL
801 N. El Paso Street
El Paso, Texas 79902

Proceedings reported by stenotype. Transcript produced by computer-aided transcription.

THE COURT: Please be seated. The Court calls the United States of America versus Jesus Chavez in 12-CR-318, and Manuel Roberto Cordero Rivera in 11-CR-2810.

May I have announcements, please.

MR. GARCIA: Steve Garcia on behalf of the Government in both cases. We are ready to proceed, Your Honor.

MR. HILL: Gary Hill for Jesus Chavez.

MR. MORALES: Good morning. Leonard Morales on behalf of my client, Mr. Cordero. We are not ready. This case has been going on some time, and it is not by any fault of the Government [inaudible] my client was taken into custody about a month later. It was discovered he had a very advanced esophageal cancer and underwent a very severe procedure, and has been under medical care since then, and has been going back for chemotherapy and other treatments today.

From I what understand, he is just coming from the hospital and is on a number of pain medications and somewhat [inaudible] ability. I am not confident [inaudible].

THE COURT: What do you suggest we do? How long is he going to be in treatment or do we know?

MR. MORALES: From what I gather, it is a little difficult. We are trying to get information from the various doctors, but I would hope that in another month we would be able to move this along. I understand -- it is not really our position I am trying to [inaudible]. At this point, we're

getting close to almost a time served [inaudible] from my understanding of time served.

I would like to make sure that my client understands what is going on. I did have him sign a waiver some time ago. However, this morning [inaudible] he is not quite cognizant and told me he is having trouble concentrating.

THE COURT: Let's do it this way. I will refer it back to Judge Martinez. We're on a tight time schedule. If you will let Judge Martinez's chambers know the Defendant is under a lot of pain medication and we are unable to conduct the plea. Perhaps it will be reset sometime in the future.

Mr. Chavez, please raise your right hand. Do you swear to tell the truth, the whole truth, and nothing but the truth under penalty of perjury?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You can put your hand down. You have taken an oath to tell the truth. What you say today must be true or you can be prosecuted for perjury.

You understand that when I ask you questions today you must answer them truthfully?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is your correct name Jesus Chavez?

THE DEFENDANT: Yes, Your Honor.

THE COURT: How old are you?

THE DEFENDANT: 38 years of age.

THE COURT: How far did you go in school?
THE DEFENDANT: I completed my high school studies in Mexico.
THE COURT: Are you a citizen of Mexico?
THE DEFENDANT: No, sir.
THE COURT: Where were you born?
THE DEFENDANT: San Bernardino, California.
THE COURT: That makes you a United States citizen. Are you here today to plead guilty to conspiracy to import 1,000 kilograms or more of marijuana into the United States?
THE DEFENDANT: Yes, sir.
THE COURT: You understand that charge?
THE DEFENDANT: Yes, sir.
THE COURT: Have you ever had any sort of mental problems or head injuries?
THE DEFENDANT: No, sir.
THE COURT: Are you taking any kind of medications?
THE DEFENDANT: No, sir.
THE COURT: Mr. Hill, is Mr. Chavez competent in the plea?
MR. HILL: Yes, Your Honor.
THE COURT: The Government's position?
MR. GARCIA: He is competent, Your Honor.
THE COURT: You have the right to appear before a district judge either to plead guilty or have a jury trial. I

am not a district judge. I am a magistrate judge. Basically, I work for the district judge.

Do you give up your right to appear before a district judge, and will you let me take your plea and tell you about your rights today?

THE DEFENDANT: Yes, sir.

THE COURT: You have the right to remain silent. You don't have to plead guilty if you do not wish to. By pleading guilty, you are giving up your right to remain silent. You do have the right to plead not guilty and request a jury trial. By pleading guilty, there will be no trial.

If you did go to trial, you would have the right to remain silent. You would have the right to have an attorney represent you. You would be presumed innocent. The Government would have to prove its case against you beyond a reasonable doubt. You would have the right to question the Government's witnesses and object to evidence, and you would have the right to present your own witnesses and to testify as well.

Do you understand those rights?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you wish to give up those rights and plead guilty here today?

THE DEFENDANT: Yes, sir.

THE COURT: Has anyone threatened you or made you any promises other than what may be in a plea agreement to plead

guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: I see you have an agreement here. Did you go over that agreement with your lawyer?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand and accept the terms of that agreement?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you sign that agreement?

THE DEFENDANT: Yes.

THE COURT: Anybody force you to do that or make you any promises to do that?

THE DEFENDANT: No, at no time.

THE COURT: I see an error in the agreement, I think. This is a fine of up to $10 million. This precedes the statutory change.

MR. GARCIA: You are correct, Your Honor.

THE COURT: A fine of up to $4 million.

MR. GARCIA: You are correct, thank you.

THE COURT: In that agreement, Mr. Chavez, you're to plead guilty to the charge I told you about. In return for the plea, the Government will move to dismiss at the time of sentencing the remaining counts of the indictment. The Government will not oppose an award of up to three levels for acceptance of responsibility, and you may be eligible for

further reductions pursuant to the safety valve provision of the sentencing guidelines. It is up to the district judge who will determine whether you receive the benefits of any reductions at all.

Do you understand?

THE DEFENDANT: Yes, sir.

THE COURT: There is a very important part of your agreement in which you waive your right to appeal the sentence you receive. You may not appeal your sentence unless your constitutional rights were violated because your lawyer was ineffective or there was misconduct on the part of the prosecution.

You understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you discussed with your lawyer how the sentencing guidelines might apply in your case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: No one, not even your lawyer, can tell you for sure what kind of sentence you will receive because the guidelines are advisory. The district judge must, however, consider the guidelines along with other factors in determining your sentence. This means you can receive a sentence anywhere from the minimum to the maximum which is allowed by law.

Do you understand?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If you do receive a sentence more severe than you expect, or more severe than discussed with your lawyer, you will still be bound by your plea of guilty, and you will not be able to withdraw your plea.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you satisfied with the representation and advice given to you in this matter by your lawyer?

THE DEFENDANT: Yes; in everything.

THE COURT: Have you discussed with your lawyer the things I told you about today including possible defenses to the charge against you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, if you did go to trial, the Government would have to prove that between the dates of March 2010 and June 30th, 2011, that two or more persons made an agreement to import a controlled substance into the United States, that you knew the unlawful purpose of the agreement, and you joined in it willfully, that is with the intent to further the purpose, and the scope of the agreement involved 1,000 kilograms or more of marijuana.

Do you understand?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The penalty is a minimum of ten years up to life in prison, a fine of up to $4 million,

supervised release of at least five years, and a $100 assessment.

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Supervised release is a period of time after prison during which you must follow certain rules. If at any time while on release you break the rules, the district judge can send you back to prison for up to the original term of supervised release.

Do you understand as well?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Knowing all the things I told you today, do you still wish to plead guilty?

THE DEFENDANT: Yes, Your Honor.

THE COURT: To Count One of the indictment charging you with conspiracy to import 1,000 kilograms or more of marijuana into the United States, how do you plead; guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Factual basis, please.

MR. GARCIA: If the Government were to proceed to trial, the Government would prove beginning on or about March 2010 and continuing to and including on or about June 30th, 2011, in the Western District of Texas, the Republic of Mexico, and elsewhere, Jesus Chavez and others,

known and unknown, conspired to import a thousand kilograms or more of marijuana.

Based on an investigation which was conducted by the Federal Bureau of Investigation, it was revealed that members of a drug trafficking organization implemented a scheme to use individuals and their vehicles who had access to dedicated commuter lanes at the Stanton Bridge Port of Entry to import marijuana from the Republic of Mexico into the United States. The criminal activity began on or about March 2010 and continued to on or about June 30th, 2011.

Jesus Chavez and Carlos Roberto Gomez were members and participants in the drug smuggling importation of marijuana scheme. As part of this drug trafficking organization scheme, the organization members would place duffle bags which contained bundles of marijuana in the individual vehicles trunk while the vehicle was still located in Ciudad Juarez, Chihuahua, Mexico.

In most of the instances, the drug trafficking members had previously obtained copies of keys to access the individual vehicles trunk. The individual would cross the drug laden vehicle into and park the vehicle in the United States. Subsequently, the organization members would remove the marijuana from the individual vehicles trunk.

Most importantly, the investigation revealed that these individuals had no knowledge that they were used by the

organization and that the marijuana was being placed in their vehicles. In several instances, law enforcement personnel seized loads which were part of this scheme. In the factual basis, we discussed ten different loads that were seized by law enforcement personnel which totaled over 500 kilograms of marijuana. The Government estimated that the drug trafficking organization imported in excess of 3,000 kilograms of marijuana.

Some of Mr. Chavez's role in the scheme included Mr. Chavez searching for and identifying potential vehicles whose drivers had access to the commuter lane which could be used in furtherance of the scheme. Mr. Chavez occasionally was loading and/or unloading the vehicles trunks with the bags of marijuana, and Mr. Chavez occasionally obtained copies of the keys of the vehicles trunks which the drug trafficking organization would use in furtherance of the scheme.

It is what the Government would prove, Your Honor.

THE COURT: Mr. Hill, before I question Mr. Chavez, is he going to be in agreement that the amount of marijuana involved in this conspiracy was in excess of 3,000 kilograms?

MR. HILL: There were a number of loads [inaudible] successfully.

THE COURT: Sure.

MR. HILL: The ones that are [inaudible] are the ones that were seized.

THE COURT: Okay. It is a lot of marijuana though.
Mr. Chavez, is all of that true?

THE DEFENDANT: Yes, sir.

THE COURT: Is the factual basis attached to your plea agreement true as well?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you in agreement with the Government's estimation that this drug trafficking organization imported in excess of approximately 3,000 kilograms of marijuana during the relevant time period?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The Court finds you have consented to plead guilty before me today as a magistrate judge, and you have understood and waived the rights that were explained to you, and you are competent to enter a plea, and there is a factual basis to support that plea. The plea was made voluntarily with an understanding of the charge and the maximum penalty. Sentencing will be before Judge Martinez.
Probation, who is assigned to Mr. Chavez?

PROBATION: Good afternoon, Your Honor. The investigation for Jesus Chavez has been assigned to Betty [inaudible].

THE COURT: Anything further from the Government?

MR. GARCIA: No, Your Honor.

THE COURT: Mr. Hill?

MR. HILL: No.

THE COURT: We'll be in recess.

* * * * *

CERTIFICATION

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that the transcript fees and format comply with those prescribed by the Court and the Judicial Conference of the United States.

Date: February 04, 2020

/s/ Walter A. Chiriboga, Jr.

Walter A. Chiriboga, Jr.